ELIZA MERRITT & others *vs.* ALFRED L. CONVERSE, trustee,
& another.

Hampden.    Sept. 26.— Nov. 24, 1877.    ENDICOTT & LORD, JJ., absent.

A testator, by his will, after giving certain legacies and an annuity to his son W.
during his life, to be paid out of the income of the estate, directed that "after the
decease of W., provided he shall live until his youngest child shall have attained
the age of twenty-one years," the residue of the estate should be divided into
two parts, and one of these parts should be distributed among the children of W.;
that if W. should die before his youngest child had attained the age of twenty-
one years, such division should not be made before his youngest child had reached
that age or would have reached it if living; that "during the time intervening
between the death of W. and the time when his youngest child arrives at the age
of twenty-one years," his children or their heirs should receive *pro rata* the an-
nuity which their father would have received if living; that a similar distribution
of the remaining half of the residue should be made among the children of W.
when the youngest had attained the age of thirty years, with a provision that
if the children should have made bad use of the money previously paid over to
them under the will, the estate, or so much of it as might be necessary for their
benefit and support, should be kept in trust for them; and that in case W. should
be living at the time his youngest child should have attained the age of thirty
years or would have attained that age if living, the distribution of the latter half
of the residue should not be made until after the death of W., but should be kept
for the purpose of paying his annuity out of the income of it, and, if necessary,
out of the principal.    *Held,* that no part of the residue was to be distributed until
after the death of W.

BILL IN EQUITY by the residuary legatees under the will of
James Dimmick, against Albert A. Converse and William K.
Dimmick.

The will of the testator, after giving certain legacies and an-
nuities, contained the following clauses:

" Sixth.  I give and devise to my son, William K. Dimmick,
the sum of three hundred dollars annually, to be paid to him out
of the income of my estate during the term of his natural life,
by my executors, in semiannual payments of one hundred and
fifty dollars each."

" Eighth.  After the decease of my said son William K. Dim-
mick, provided he shall live until his youngest child shall have
attained the age of twenty-one years, I then order and direct
that the balance of my estate be divided into two equal parts,
one of which parts shall be equally distributed among the chil-
dren of my said son William K. Dimmick, share and share alike,

and if any of his children shall be dead leaving issue, such issue shall take the share belonging to their parent, *pro rata ;* but if my said son William K. Dimmick shall die before his youngest child attains the age of twenty-one years, then such division of my estate shall not take place until said youngest child attain said age of twenty-one years, or would have attained that age if living ; and during the time intervening between the death of my said son William K. and the time when his youngest child arrives at said twenty-one years of age, his children or their heirs shall receive, *pro rata*, said sum of three hundred dollars, share and share alike, which their father would have received if living.

" Ninth. The other equal part of the balance of my estate as mentioned, and not provided for in the last preceding article, shall be kept in the hands of my executors, or their successors, until the youngest child of my said son William K. shall have attained the age of thirty years ; when the same shall be divided among his children or their heirs as provided in said article ; unless they shall have squandered and made bad use of the money previously paid over to them under this, my will, and bid fair to be town paupers — in which case (and the decision concerning which I leave to my executors and the overseers of the poor, under an order or decision of the judge of probate,) I order and direct the same, or so much thereof as may be necessary, to be kept by my executors, their successors, or some one appointed by the judge of probate, for their benefit and support, so that they may not become a charge and expense to others, — and if anything shall be left of my estate after their death, and the death of all of them, the same shall be paid over to my legal heirs then living, in the sums and proportions to which they may be by law entitled."

" Eleventh. I order and direct, in case my said son William K. Dimmick shall be living at the time his youngest child shall have attained the age of thirty years, or would have attained that age if living, that then, and in that case, the disposition of that part of the residue of my estate mentioned in article ninth herein shall not be made until his decease, and that the same be kept by my executors, or their successors, for the purpose of paying said William K. the annual sum of three hundred dol-

lars out of the income thereof as hereinbefore provided · or if the income from such residue shall not be sufficient for that purpose, then the balance or deficiency to be paid him out of the principal remaining in their hands, it being my will and intention that he shall have annually the sum of three hundred dollars so long as he may live, be his life, under the providence of God, long or short."

The bill alleged that the youngest child of William K. Dimmick had attained the age of twenty-one years; that the intention of the testator was that the eighth clause of the will should read, "After the decease of my said son William K. Dimmick, *or* provided he shall live," &c. That the executors of the will had both deceased, and the residue of the estate, amounting to $40,000, was in the hands of the first named defendant, who had been appointed a trustee by the Probate Court; that the plaintiffs had requested the trustee to divide the residue into two parts, and to distribute one of them as provided by the will, but the trustee had refused so to do.

The prayer of the bill was that the trustee might be ordered to make the distribution accordingly.

The bill was taken for confessed against William K. Dimmick. The trustee filed an answer, in which he admitted the allegations of the bill except as to the intentions of the testator, and averred his willingness to act as the court should direct.

Hearing upon the bill and answer, before *Colt*, J., who reserved the case for the consideration of the full court.

*A. M. Copeland*, for the plaintiffs.

*J. P. Buckland*, for the trustee, submitted the case without argument.

COLT, J. By the will of James Dimmick, after certain other legacies and annuities are given, an annuity is provided for his son William for and during his natural life, to be paid out of the income of the estate. Following this provision, the eighth clause requires in substance a division of one half the residue, to be made among the children of William after the death of the latter, but not before his youngest child shall have attained the age of twenty-one years.

This clause, standing alone, although not concise or wholly accurate in all its language, is nevertheless clear and unambiguous

as to the time when the contemplated distribution of the one half in question should be made. It is to be in any event not until after the death of William, and not then unless the youngest child has reached the age named.

It is argued that the language of the clause in question is controlled by subsequent provisions, showing an intention that this half of the estate should be divided at all events, when all the children had become of age. The provisions referred to require a similar distribution of the remaining half among the children, when the youngest attains the age of thirty years, with an additional clause providing that if the children shall have made bad use of the money previously paid over to them under the will, then the estate, or so much of it as may be necessary for their benefit and support, shall be kept in trust for them. The distribution of this half of the residue, it is also declared, shall not be made until after the death of William, but shall be kept for the purpose of paying the annuity to William out of the income, and if necessary out of the principal.

It is to be inferred that the testator anticipated two different distributions of the residue. In the expectation that William, in the ordinary course of events, would not live until his youngest child should be thirty years of age, he naturally supposed there would be a period of greater or less duration before the distribution of the last half, in which the capacity and disposition of the children to take care of the property given them in the first distribution would become manifest. There is nothing to indicate that this period of probation must necessarily extend over the whole time required for the youngest to reach the age of thirty. That depends on the life of William, and the plan of the testator in this regard may yet be substantially carried out. It may be that by the unexpected duration of his life, the estate may all come to be divided at one and the same time, and the plan for probation, and for leaving the whole or part of the last half for the protection of devisees who may turn out improvident, may be thereby defeated.

But these considerations are not enough to defeat an express and positive provision, by which no part of the estate is to be divided while the son lives. The fact that the testator did not foresee all the consequences of his disposition of the estate is no

reason for disregarding an unambiguous provision, or for sup-
plying, substituting or rejecting words by intendment, so as to
change its meaning.    There is no absolute repugnance in the
provisions of this will to justify such a construction.  *Butterfield*
v. *Hamant*, 105 Mass. 338.    *Carpenter* v. *Heard*, 14 Pick. 449.
*Hunt* v. *Hunt*, 11 Met. 88.                        *Bill dismissed.*